RECEIVED+FILED
2016 APR 11 AM 8:32
CLERK, US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS, MISSOURI

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

In re: )
)
JANICE M. MGGUIRE (MITCHELL), ) Case No. 07-44692-399
)
Debtor. ) Chapter 7
)

## MOTION COMPEL TRUSTEE TO MAKE DISTRIBUTION TO APPROVED CREDITORS, TRUSTEE'S FEES, TO MAKE FULL DISTRIBUTION OF REMAINDER OF SETTLEMENT ASSETS AND ACCOUNTING OF ASSETS

COMES NOW, Debtor Janice M. McGuire, pro se, and for her Motion to Compel Trustee to Make Distribution to Approved Creditors, Trustee's Fees, to Make Distribution of Remainder of Settlement Assets and Accounting of Assets, hereby states as follows:

1. July 17, 2007 - Debtor (Janice McGuire) filed Bankruptcy obtaining counsel from Frank Ledbetter. Advising Mr. Ledbetter, there was potential Medical Malpractice Claim. However, I had received a letter July 7, 2007 stating the attorney could not take my case and had referred me to and Brown and Bleu of New York. Still not a sure if they would take my case or if there was a claim. I was told by Mr. Ledbetter that I did not have to insert it in the Chapter 7, because I did not have a claim. Because he was an Officer of the Court, I trusted his advice.

2. August 7, 2007 – Found that another firm took my potential case. Contacted Mr. Ledbetter asking him to please add to Chapter 7 as advised by Kristine Kraft. (No Response) Contacted Mr. Ledbetter on numerous occasions to add potential claim, I was either told he would or no response.

3. October 17, 2007 – Court entered a discharge on Chapter 7.

4. November 18, 2007 – Kristine Kraft contacted Frank Ledbetter requesting that he amend schedule of assets. (No response)

1

5. November – December 2007 – Contacted Mr. Ledbetter regarding insertion, still no response.

6. January 16, 2007 - Kristine Kraft sent a follow up letter regarding the amendment, still no response. This went on for several years.

7. April 2, 2009 - I received a letter from Kristine Kraft stating; on numerous occasion they have tried to contact Mr. Ledbetter only to be unsuccessful and that I need to continue to contact him. I did and he still did not.

8. July 27, 2010 – Mr. Ledbetter entered a Motion to reopen my Chapter 7 case.

9. August 4, 2010 – Court entered an Order Denying Motion to reopen case. However, Mr. Ledbetter had entered the wrong Trustee name on Motion in July 2015 after another attorney looked at my case.

10. In 2013, Debtor found that there was a settlement offered in the Medical Malpractice Case.

11. On June 3, 2015, Trustee Mary Lopinot Reopened the Chapter 7 Case.

12. On July 24, 2015, Notice of Assets and Request for Notice was sent to creditors giving Creditors until 11/06/15 to file claims.

13. In November, 2015, Debtor met with Mr. Ledbetter regarding claims filed and informed him that she was still in school and wish to file and objection to the Educational Claim, given all Debtor's student loans are current and or in in-school deferment.

14. On November 4, 2015, Mr. Ledbetter filed an Objection to claim.

15. On December 9, 2015, the Court granted the Objection that no payment shall be made to Educational Credit Management Corporation.

16. On January 13, 2016, the Trustee filed a Motion to Compromise Controversy and to Distribute Partial Settlement Proceeds and another notice was sent to Creditors (No objections).

17. On February 10, 2016, Debtor appeared in court for hearing. Neither the Trustee, nor Mr. Ledbetter appeared. Debtor did not hear her name called, so Debtor spoke with Wynn Abernathy and she informed Debtor that the Court had entered an Order approving the Motion to Compromise Controversy and to Distribute Partial Settlement Proceeds.

18. In February, 2016, Debtor received a letter stating that there was an Order granting the Motion to Compromise Controversy and to Distribute Partial Settlement Proceeds. Therefore, Debtor contacted the Trustee to see when checks would be ready and she informed Debtor within 5 days.

19. On February 12, 2016, Trustee Mary Lopinot entered a Motion withdrawing her Motion to make partial distribution of the Surplus.

20. In February, 2016, Debtor contacted Mr. Ledbetter, not understanding the reason for the Trustee's Motion. Debtor called, sent e-mails, and text messages, however, Debtor received no response from Mr. Ledbetter. Later that month, Debtor spoke with Rosie from Mr. Ledbetter's office and she informed Debtor she would let Mr. Ledbetter know and get back with Debtor – however, he did not return the call.

21. On February 12, 2016, another notice was sent to the Creditors, giving them an extension to file claims until 3/28/2016. However, no new claims have been filed since 10/26/2015.

22. In February and March 2016, on several occasion, Debtor tried to contact Mr. Ledbetter to gain understanding as to what is happening in the above-captioned case, but Debtor

was told that Mr. Ledbetter was out of town and would call her upon returning; and also that Mr. Ledbetter was sick and would call Debtor. Debtor sent follow up emails and still did not receive a call back from Mr. Ledbetter.

23. On or about March 29, 2016, Debtor made a call to the Bankruptcy Court to find out what the next step would be after the March 28th deadline and Debtor was told that the disbursement checks should be issued and that Debtor should call her attorney. Debtor let the person know that she had been unsuccessful reaching her attorney and that is why Debtor was calling the Court. Debtor was told she could contact the Trustee to ask that question. Debtor made several attempts to contact Trustee Mary Lopinot and got no call back. Debtor left messages with her assistant as well as the receptionist and still no response.

24. On April 1, 2016, Debtor contacted the U.S. Trustee's Office and spoke with Mr. Radloff. Debtor explained to him everything that was going on and just wanted to find out when the disbursement checks would be issued. Debtor was told that since she has an attorney that they really couldn't speak with Debtor and that Debtor should contact her attorney and to have him make the call. Debtor informed him at this point that she just wanted this over with so that she could move on with her life; and that he did not have to call the attorney. Several minutes after speaking with the U.S. Trustee, Debtor received a call from Rosie at Mr. Ledbetter's office saying that she saw that Debtor had called regarding checks – however, Debtor had not called. Debtor informed Rosie that she had been trying to Mr. Ledbetter her since February and thereafter. Rosie proceeded to tell Debtor that Mr. Ledbetter's mom broke her hip and he has been busy with that, but that she would call the Trustee and find out what's going on. Rosie called back and informed Debtor of what the Trustee said she could do. However, at this point Debtor was not at all happy with how she had been treated and asked Mr. Ledbetter to withdraw

4

from the above-captioned case. Debtor followed up with an email to Rosie, as well as, the Trustee letting them know that Debtor had terminated Mr. Ledbetter as her attorney of record. Both of them sent a response back. Rosie said Mr. Ledbetter wanted to meet with Debtor to sign papers in order for him to withdraw and the Trustee said she could talk with Debtor on Monday after Mr. Ledbetter withdrew from as Debtor's attorney of record.

25. On April 4, 2016, Mr. Ledbetter called, saying what he could do and asking if Debtor would like him to contact the Trustee. Debtor replied no that's okay and Mr. Ledbetter informed Debtor that he was not sure what he could do at this point anyway. Mr. Ledbetter then tells Debtor Rosie said, you wanted me to withdraw from your case? Debtor responded yes and followed up with an e-mail confirming the same. Debtor later received an e-mail confirming Mr. Ledbetter had withdrawn as Debtor's attorney of record.

| *Estate Surplus* | $39,346.08 |
| *Kristin Kraft (Attorney)* | -$7,475.76 |
| *Attorney Fee's* | -$2,956.36 |
| *Touchette Regional (Medical Lien)* | -$39.30 |
| *Total* | 28,874.66 |
| *Approved Creditors* | |
| *Modern Finance* | $1156.36 |
| *PYOD,LLC* | $1289.99 |
| *World Finance Corporation* | $1414.58 |
| *World Finance Corporation* | $672.55 |

| | |
|---|---:|
| *Laclede Gas Company* | $129.89 |
| *Total* | -$4663.37 |
| *Remainder Surplus* | $24,211.29 |

WHEREFORE, Debtor Janice M. McGuire prays the Court enters its order granting Debtor's Motion to Compel and ordering the following relief:

a) Ordering Trustee to disburse payment to approved Creditors;

b) Ordering Trustee to disburse Payment of Trustee Fee's;

c) Ordering Trustee to provides an accounting of assets;

d) Authorizing Trustee to disburse the remainder of the assets Debtor; and

e) And for such other and further relief as the Court deems necessary and proper under the circumstances.

_____
Janice M. McGuire, Debtor, *pro se*
4234 Lawn Ave., Apt A
St. Louis, Missouri 63109
Phone: 314-249-7316
E-mail: Janimitchell13@outlook.com